**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SCOTT BAKER**, <br><br> Plaintiff, <br><br> v. <br><br> **SGT. ADAMS, et al.**, <br><br> Defendants. | Civil Action No. 22-5624 (ZNQ) (LHG) <br><br> **OPINION** |

**QURAISHI, District Judge**

Plaintiff Scott Baker, an inmate currently at New Jersey State Prison in Trenton, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C § 1983. (*See* Compl., ECF No. 3-1.)  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit.  As set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim.

**I.      BACKGROUND**

In the Complaint, Plaintiff alleges that:

> On October 2, 2021, I was being housed on Unit 4C on the North Compound [Room] #10 at the New Jersey State Prison.  On this date above, I was informed by my housing officer[,] Pepe, that there was going to be someone moving into my cell.
>
> I immediately informed this officer that I could not lock with no one [because] I'm special needs for some mental problems I'm dealing with. I was informed that Internal Affairs wanted the door on 4-Right fixed for which was the reason why I was getting a cellmate.

> Despite my objections and that my medical history does not allow me to have a cellmate, Inmate Gamble was placed into my cell as my cellmate. Inmate Gamble came in very vocal about being moved from 4-Right, his housing unit for which his cell door was being repaired. Inmate Gamble at this time started telling housing unit Officer Pepe that he would fuck this officer up, and also would kill someone. I immediately became aware that I no longer wanted to remain in my own cell because of this threat (because of my present situation, threats are taken seriously).
>
> A few hours later and after inmate Gamble was placed in my cell, I was found unresponsive lying in a pool of dried blood. A Code 33 was called and then a Code 53 for medical emergency. Responding officers McGee [and] several others along with Officer Collins, [Sergeant] Adams . . . pulled my body from the cell. I awoke minutes later being rushed to the trauma hospital Capital Health for "severe" facial wounds [and] head injuries that required me to be in I.C.U. Trauma Unit for five (5) days, and then an additional 20 days in the infirmary. I awoke to find out I had been institutionally charged with [illegible] fighting with another inmate. (All charges were dismissed.)

(*Id.* ¶ 6.)

Plaintiff names Sergeant Adams, Officers Pepe and Gilleo, and Lieutenant R. Defazo, as defendants in this matter. (*See id.* at 1.) Plaintiff seeks relief in the form of monetary damages in the amount of $100 million for his alleged mental and physical suffering as a result of the incident. (*Id.* ¶ 7.)

## II.   LEGAL STANDARD

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl. ¶ 1(a).) To succeed on a Section 1983 claim, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). The Court liberally construes the Complaint as asserting against all Defendants Eighth Amendment failure to protect claims arising from Gamble's attack on Plaintiff and Fourteenth Amendment substantive due process claims based on a purported right to be single bunked. For the reasons below, however, the Court will dismiss all claims without prejudice.

A.      **Failure to Protect Claims**

The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Nonetheless, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  To state a claim against a prison official for failure to protect from inmate violence, an inmate must plead facts that show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; (2) the official was "deliberately indifferent" to that substantial risk of serious harm; and (3) the official's deliberate indifference caused him harm.  *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).

"Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).  It is not sufficient that the official should have known of the risk.  *Id.* at 133.  Moreover, to be liable, the official must have had "a realistic and reasonable opportunity to intervene."  *Bistrian*, 696 F.3d at 371.

Here, Plaintiff fails to plead sufficient facts to show that any Defendant had the requisite state of mind.  For example, although Plaintiff alleges that Gamble told Officer Pepe that he "would fuck this officer up, and also would kill someone," without more, the allegation amounts to the sort of speculative and vague risk that does not give rise to knowledge of a substantial risk of serious harm toward Plaintiff.  *See Bistrian*, 696 F.3d at 371.  As to the other Defendants, the Complaint is devoid of any facts from which the Court could infer knowledge of a substantial risk of serious harm to Plaintiff.

Moreover, Plaintiff fails to allege or plead facts to show that any Defendant had a realistic or reasonable opportunity to intervene. For example, although Plaintiff alleges that Defendant Adams was the housing sergeant at the time of the alleged incident and that Defendant Gilleo was the housing unit officer on duty at the time of the alleged incident, Plaintiff does not plead sufficient facts for the Court to infer reasonably that either were in a position to witness the attack or were close enough to have a realistic and reasonable opportunity to intervene. Accordingly, the Court will dismiss without prejudice Plaintiff's failure to protect claims against all Defendants for failure to state a claim.

### B. Substantive Due Process Claims

The Court also construes the Complaint as asserting substantive due process claims against all Defendants based on a purported right to be single bunked. To state a substantive due process claim under the Fourteenth Amendment, a plaintiff must show that he has a protected liberty interest at issue and that the defendants deprived him of it by engaging in conduct that "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219–20 (3d Cir. 2008). Due process protects against arbitrary action, and "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 219.

With respect to the first element of a substantive due process claim, "it is well-settled that prisoners do not have a due process right to be single-celled." *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013). Moreover, "the prison has a penological interest in the housing placement of its inmates and '[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise.'" *Id.* "Courts will generally not interfere with prison administrative matters and will afford significant deference to judgments of prison officials

regarding prison regulation and administration." *Id.* Accordingly, Plaintiff has not shown a deprivation of a protected liberty interest.

Even if Plaintiff could show that he was deprived of a protected liberty interest, the Defendants' conduct in double bunking him while Gamble's cell's door is fixed does not "shock the conscience." For example, Plaintiff makes vague assertions that he has medical needs that require him to be in a single cell. However, without any facts regarding the nature of Plaintiff's medical needs, he has not shown that double bunking him "shocks the conscience." Accordingly, the Court will dismiss without prejudice Plaintiff's substantive due process claims against all Defendants for failure to state a claim.

## IV.     CONCLUSION

For the reasons set forth above, the Court dismisses without prejudice the Complaint in its entirety for failure to state a claim. Plaintiff may file an amended complaint within thirty days. An appropriate Order follows.

Date:  February 7th, 2024

                                                                s/ Zahid N. Quraishi
                                                                **ZAHID N. QURAISHI**
                                                                **UNITED STATES DISTRICT JUDGE**